Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSE LUIS SANANGO, on behalf of himself, and others similarly situated, | Case No.: 17 CV 9635 |
| Plaintiffs, | |
| -against- | COMPLAINT IN A FLSA ACTION |
| CABO RESTAURANT, LLC, dba CABO RESTAURANT, 3764 EAST TREMONT AVENUE RESTAURANT LLC dba CABO RESTAURANT, and VIANNEY MORALES, | ECF Case |
| Defendants. | |

---

Plaintiff, **Jose Luis Sanango** ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Cabo Restaurant LLC and 3764 East Tremont Avenue Restaurant LLC, both doing business as Cabo Restaurant, located at 3764 East Tremont Avenue, Bronx, New York 10465 (herein "Cabo Restaurant"), and Vianney Morales, individually (collectively, "the Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages

and minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked more than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff Jose Luis Sanango is an adult resident of Queens County, New York.

6. Upon information and belief, Defendant, Cabo Restaurant LLC, is a business entity operating and existing under the laws of the State of New York, with a principal place of business 3764 East Tremont Avenue, Bronx, New York 10465.

7. Upon information and belief, Defendant, 3764 East Tremont Avenue Restaurant LLC, is a business entity operating and existing under the laws of the State of

New York, with a principal place of business 3764 East Tremont Avenue, Bronx, New York 10465.

8. Upon information and belief, Defendant, Vianney Morales, is an owner, officer, director and/or managing agent of Cabo Restaurant, whose address is unknown at this time, and who participated in the day-to-day operations of Cabo Restaurant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Cabo Restaurant.

9. Plaintiff, Jose Luis Sanango, was employed by Defendants in Bronx County, New York, to work as a busboy and food runner, at Defendants' restaurant known as Cabo Restaurant, from on or around May 2016, through November 2017.

10. At all relevant times, Defendant Cabo Restaurant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all relevant times, the work performed by Plaintiff and other similarly situated employees, was directly essential to the restaurant business operated by Cabo Restaurant.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees, lawfully earned wages and minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees, lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In or about May 2016, Plaintiff, Jose Luis Sanango, was hired by Defendants to work as busboy and food runner, at Defendants' restaurant known as "Cabo Restaurant" located at 3764 East Tremont Avenue, Bronx, New York 10465.

16. Plaintiff, Jose Luis Sanango, worked continuously for the Defendants between May 2016 until on or about November 25, 2017.

17. During Plaintiff Jose Luis Sanango's employment by the Defendants, he worked well over forty (40) hours per week. Plaintiff Jose Luis Sanango worked five (5) or six (6) days per week, and his work shift consisted of approximately nine (9) to thirteen (13) hours. He generally worked approximately fifty-eight (58) to sixty-four (64) hours per week.

18. Plaintiff Jose Luis Sanango was not paid proper wages or overtime compensation. Plaintiff Jose Luis Sanango was paid thirty dollars ($30.00) per shift, for all hours worked during a shift; and paid no additional wages or overtime premium pay for worked performed above forty (40) hours per week.

19. Plaintiff Jose Luis Sanango was not paid a spread of hours premium when he worked a span of more than ten (10) hours per day.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff for all hours worked, and the New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

23. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

24. Plaintiff and other similarly situated employees were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

25. Defendants failed to properly provide notice to all tipped employees, including Plaintiff, that the Defendants were taking a "tip credit".

26. Defendants failed to keep proper records showing the amount of tips received each day and each week by tipped employees, including Plaintiff.

27. Defendant, Vianney Morales, is an individual who, upon information and belief, owns the stock of Cabo Restaurant, owns Cabo Restaurant, and manages and

makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

28. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "27" of this Complaint as if fully set forth herein.

29. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and others similarly situated are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30. At all relevant times, Defendants employed Plaintiff and others similarly situated within the meaning of the FLSA.

31. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

32. Plaintiff and other similarly situated employees worked hours for which they were not paid any wages.

33. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and other similarly situated employees, for some or all of the hours they worked.

34. Plaintiff and others similarly situated were entitled to be paid at the rate of time and one-half the statutory minimum (or their regular rate of pay, if higher) for all hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants failed to pay Plaintiff and other similarly situated employees overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

36. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and others similarly situated for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

37. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and others similarly situated for all hours worked, and by failing to compensate Plaintiff and others similarly situated at the statutory minimum wage rate for all hours worked and the statutory overtime rate of time and one-half their regular hourly rate for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and others similarly situated.

38. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and others similarly situated for all hours worked.

39. The Defendants failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. Records, if any, concerning the number of hours worked by Plaintiff and others similarly situated, and the actual compensation paid to Plaintiff and others similarly situated, are believed to be inaccurate and/or false.

41. Defendants failed to properly disclose or apprise Plaintiff and others similarly situated of their rights under the FLSA.

42. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff and others similarly situated are entitled to liquidated damages pursuant to the FLSA.

43. Due to the unlawful acts of the Defendants, Plaintiff and others similarly situated suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

44. Plaintiff and others similarly situated are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times Plaintiff and others similarly situated, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

47. Defendants knowingly and willfully violated Plaintiff and other similarly situated employees' rights by failing to pay them minimum wages in the lawful amount for hours worked.

48. Defendants violated Plaintiff and other similarly situated employees' rights by failing to pay then overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff and others similarly situated, for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

50. Due to the Defendants' New York Labor Law violations, Plaintiff and others similarly situated, are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff and others similarly situated, also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[New York Wage Theft Prevention Act Written Notice Requirements]**

51. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day, on an annual basis.

53. The New York State Wage Theft Prevention Act, effective April 2011, requires every employer to notify its employees, in writing, with every payment of

wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages. N.Y. Lab. Law § 195(1)(a).

54. Plaintiff and others similarly situated, were not provided with an accurate wage statement as required by law. This was done with the intention of, and with the effect of, misleading the plaintiff.

55. Defendants did not provide accurate written notices and wage statements as required by the New York Wage Theft Prevention Act.

56. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for statutory civil penalties.

57. The failure to provide an accurate annual wage notice entitles each plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

58. The failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

<b><u>PRAYER FOR RELEIF</u></b>

**WHEREFORE**, Plaintiff, Jose Luis Sanango, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages due plaintiff under the FLSA and New York Labor Law plus compensatory and liquidated damages, and interest;

(c) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(e) An award of liquidated damages as a result of Defendants' failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated and/or punitive damages as a result of Defendants' failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(g) An award of costs and expenses of this action together with reasonable attorneys' fees;

(h) An award of prejudgment and post-judgment interest; and

(i) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2017

Respectfully submitted,

By:_____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Jose L. Sanango__, am an employee currently or formerly employed by __Cabo.__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
        December 7, 2017

_____
Jose Luis Sanango