EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE LUIS SANANGO, on behalf of himself,
and others similarly situated,                                    Case No.: 17 Civ. 9635 (SN)

                        Plaintiffs,
            -against-

CABO RESTAURANT, LLC, dba CABO RESTAURANT,
3764 EAST TREMONT AVENUE RESTAURANT LLC dba
CABO RESTAURANT, and VIANNEY MORALES,

                        Defendants.

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is

entered into by and between Jose Luis Sanango (hereinafter referred to as "Plaintiff" or

"Releasor"), and Cabo Restaurant, LLC, 3764 East Tremont Avenue Restaurant LLC and any

other corporate entity doing business as Cabo Restaurant, located at 3764 East Tremont Avenue,

Bronx, NY, and any of its subsidiaries, divisions, related companies, predecessors, successors,

assigns, current or former employees, agents, shareholders, officers, directors and

representatives, as well as Vianney Morales, jointly and severally (hereinafter collectively

referred to as the "Defendants" or "Releasees") (Plaintiff and Defendants are referred to herein

as the "Parties").

WHEREAS, on December 7, 2017, Plaintiff filed the captioned suit, in the United States

District Court for the Southern District of New York, (hereinafter referred to as the

"Complaint"), alleging claims for, among other things, unpaid wages and overtime compensation

due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

A.    **Consideration**

1.    In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of fifty-five thousand dollars ($55,000.00) (the "Settlement Sum"), of which one-third, shall be considered payable to Plaintiff's counsel as attorneys' fees, and which shall be paid in three (3) installments as follows: (a) one installment in the amount of $18,333.33, payable and delivered to the offices of "Cilenti & Cooper, PLLC, as attorneys" on or before May 16, 2018, or within five (5) business days of the Court's approval of the Agreement as fair and reasonable and dismissal of the Complaint with prejudice, whichever date is later; and (b) one installment in the amount of $18,333.33, payable and delivered to the offices of "Cilenti & Cooper, PLLC, as attorneys" on or before August 16, 2018; and (c) one third, and final, installment in the amount of $18,333.34, payable and delivered to the offices of "Cilenti & Cooper, PLLC, as attorneys" on or before November 16, 2018.

2

2.      The three (3) settlement payments described in Paragraph A(1)(a)-(c) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Peter H. Cooper, of Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

**B.      Taxation**

Plaintiff acknowledges that he understands and agrees that: (i) this settlement may result in taxable income under applicable federal, state and/or local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiff, and Defendants make no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iii) Plaintiff will assume all federal, state and/or local tax and any other liens, obligations, claims or consequences to him that may arise from this Agreement, and he will not seek any indemnification from Defendants with respect thereto.

**C.      Wage & Hour Release by Plaintiff:**

1.      In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes,

3

and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for wage notice & statement violations, improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

     2.     This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiff signs this Agreement, or (c) Plaintiff's right to enforce the terms of this Agreement.

**D.**     **Agreement To Refrain From Filing Claims**

     Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

**E.**     **Judicial Review/Dismissal of the Complaint**

     Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint

4

with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

**F.    Representations and Acknowledgements**

1.    Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

(a) He has reviewed each and every provision of this Agreement;

(b) The Agreement has been explained to him by his attorneys;

(c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

(d) He does in fact fully understand this Agreement, including the release of claims.

2.    Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3.    Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

**G.    Non-Admissions**

5

1.        Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.        Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

**H.      Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

**I.       Complete Agreement**

6

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### J.    Penalty for late payment.

In the event Defendants fail to make a timely payment of any installment, Plaintiff shall provide notice of the default by facsimile or regular mail to counsel for Defendants.  If the default is not cured within ten (10) days, plaintiffs' attorneys have the right to restore the case to the trial calendar by contacting Judge Netburn.  The parties agree that the District Court will retain jurisdiction of this matter for purposes of enforcement of the settlement and that Plaintiff party shall be entitled to a penalty of twenty thousand dollars ($20,000) in the event of default; in addition, either party shall collect attorneys' fees and costs in connection with enforcement of any provision under this agreement.

### K.    Counterparts.

This Agreement may be executed in counterparts and any scanned or facsimiled copies of the Agreement shall be deemed to be an original as against any party whose signature appears thereon.

### L.    Mutual Non-Disparagement; Confidentiality.

(A)    Plaintiff and Defendants agree not (i) to make, directly or indirectly, any false, negative, defamatory, or derogatory statements, remarks, references, allegations or claims, whether written or oral, concerning the other Party or Parties or (ii) to engage in actions that would denigrate or disparage the other Party or Parties unless, after reasonable notice has been provided to the other Party sufficient to enable the other Party to contest the disclosure, legal or governmental process compels Plaintiffs to give testimony that may be considered negative or

7

derogatory, or if reasonably necessary to enforce this Agreement. Any truthful statements mady by Plaintiff regarding his experience litigating this case is specifically excuded from the terms of this provision.

**M.**    **Additional Terms**

1.    This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2.    The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.    This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.


[Remainder of Page Intentionally Left Blank]


8

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Jose Luis Sanango

STATE OF NEW YORK    )
                   )ss.:
COUNTY OF NEW YORK )

On the 2nd day of May 2018, before me personally came Jose Luis Sanango to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 2nd
day of May 2018

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 2022

[Remainder of Page Intentionally Left Blank]

9

By: _____
Vianney Morales

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF _____    )

On the _9_ day of May 2018, before me personally came Vianney Morales to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this _9_
day of May 2018

_____
Notary Public

BASIL MOHABIR
NOTARY PUBLIC-STATE OF NEW YORK
No. 03MO4997856
Qualified in Bronx County
My Commission Expires _06/15/2022_

By: _____
Ruben Rodriguez on
behalf of Cabo Restaurant, LLC and
3764 East Tremont Avenue Restaurant

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF _____    )

On the _9_ day of May 2018, before me personally came Ruben Rodriguez to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this _9_
day of May 2018

_____
Notary Public

BASIL MOHABIR
NOTARY PUBLIC-STATE OF NEW YORK
No. 03MO4997856
Qualified in Bronx County
My Commission Expires _06/15/2022_

10